UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA LEMOON,<br>　　　　Plaintiff,<br>　　v.<br>CALIFORNIA FORENSIC MEDICAL GROUP, INC., et al.,<br>　　　　Defendants. | Case No. 20-cv-02552-PJH<br><br>**SUPPLEMENTAL ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 132, 133, 134 |

　　　　Before the court is the parties' supplemental briefs in support of and in opposition to summary judgment. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**I.　　BACKGROUND**

　　　　The parties are familiar with the facts and procedural history in this matter. This case concerns decedent Jeremey Conaway's detention and incarceration in the Solano County's Justice Center Detention Facility where he committed suicide in his cell. Relevant to this supplemental order is the court's December 3, 2021 initial order on defendants' motions for summary judgment. Dkt. 131. In that order, the court denied the CFMG defendants'[1] motion for summary judgment in its entirety and granted partial summary judgment for the County of Solano and Sheriff Ferrara ("County defendants"). Id. Specifically, the court granted summary judgment in favor of Sheriff Ferrara in his

---

[1] "CFMG defendants" refers to CFMG, Wellpath, LLC, John Maike, Michelle Bowie, Marni Ballesteros, Dr. Donald Purcell, and Dr. Dinesh Nagar.

individual capacity on plaintiff's first cause of action for cruel and unusual punishment and deliberate indifference. Id. at 8. The court also granted summary judgment in favor of Sheriff Ferrara in his individual capacity on plaintiff's second cause of action for deprivation of substantive due process rights. Id. at 9. The court further granted Sheriff Ferrara qualified immunity on these causes of action. Id. at 10. With respect to the third cause of action, the court found that six of the eight alleged unconstitutional policies or practices could not survive the County defendants' motion for summary judgment and granted the County defendants summary judgment accordingly. Id.

The court ordered supplemental briefing on three topics that the parties' original summary judgment briefs did not adequately address: "(1) whether Sheriff Ferrara is still liable in his supervisory (or official) capacity on claims 1 and 2 for any constitutional violations committed by the CFMG defendants; (2) whether the court's findings on the eight asserted policies, practices, or omissions should be applied to the CFMG defendants named in claims 1 and 2, notwithstanding the denial of the CFMG defendants' motion for summary judgment; and (3) whether the County remains a defendant on all claims asserted against the CFMG defendants given the court's findings." Id. at 20.

## II. DISCUSSION

First, plaintiff has not shown that Sheriff Ferrara is liable in his supervisory capacity for the alleged constitutional violations committed by the CFMG defendants. "An official may be liable as a supervisor only if either (1) he or she was personally involved in the constitutional deprivation, or (2) a sufficient causal connection exists between the supervisor's wrongful conduct and the constitutional violation." Felarca v. Birgeneau, 891 F.3d 809, 819–20 (9th Cir. 2018) (internal quotation marks omitted). "The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." Id. at 820 (internal quotation marks omitted). Sheriff Ferrara did not interact with Conaway,

supervise the CFMG defendants, or have knowledge of any alleged constitutional violations committed by the CFMG defendants. As such, no reasonable juror could find Sherriff Ferrara liable in his supervisory capacity.

Plaintiff has also not shown that Sheriff Ferrara is liable in his official capacity. Official capacity suits "ultimately seek to hold the entity of which the officer is an agent liable, rather than the official himself." Pistor v. Garcia, 791 F.3d 1104, 1112 (9th Cir. 2015). "When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008). The County is named as a defendant, thereby making Sheriff Ferrara a redundant defendant and not a necessary party. The court thus dismisses Sheriff Ferrara as a defendant in his official capacity. Accordingly, summary judgment is granted in favor of Sheriff Ferrara on all causes of action.

Second, the court finds that six of the eight policies asserted against the CFMG defendants and the County cannot survive summary judgment. To impose municipal liability under § 1983, a "plaintiff must prove: (1) [the inmate] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." Gordon v. Cty. of Orange, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks omitted). The court previously ruled in favor of the County defendants that the following alleged policies were either not viable or were not the moving force behind the asserted constitutional violations in this lawsuit: (1) the County policy of placing suicidal inmates under Mental Health Observation ("MHO") and housing them in cells with alleged suicide hazards; (2) failure to train mental health staff on the MHO policy; (3) CFMG's failure to implement an MHO policy; (4) CFMG's failure to require psychological consultations of MHO inmates who pose risks to themselves; (5) the County practice of housing suicidal inmates in cells with bunk beds and sheets; and (6) CFMG's failure to require "priority 1" tasks be performed at the "next sick call." As

with the County defendants, these policies or practices were either not viable against CFMG or were not the moving force behind any constitutional violation committed by CFMG defendants.  The court's earlier denial of CFMG defendant's motion for summary judgment was largely based on the way in which that motion was presented.  The court, having now spent considerable time reviewing the briefs and evidentiary record in this case, has reconsidered the earlier decision and now grants summary judgment in favor of the CFMG defendants on these six policies, practices or omissions.

Third, all parties are in agreement that the County is liable for the CFMG defendants' actions with respect to the remaining two practices/omissions if they are found to violate the Constitution.  Those practices/omissions are as follows: (1) CFMG's custom of treating "priority 1" tasks as routine, and (2) CFMG's failure to have a policy requiring employees to review an inmate's prior medical records when providing treatment.  Accordingly, the County remains a defendant along with the CFMG defendants in this lawsuit with respect to these two practices only; no other policies, practices or omissions will be tried.

The case management conference scheduled for May 19, 2022 is VACATED. Instead, this matter is re-referred to Magistrate Judge Beeler for a further settlement conference to take place as soon as her calendar permits.  If the case does not settle, the parties shall submit a stipulation as to a trial date after which the court will either enter a revised pretrial order with pretrial instructions or schedule a trial setting conference.

**IT IS SO ORDERED.**

Dated: April 12, 2022

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge